**State of Minnesota**

**District Court**

| **County of Hennepin** | Judicial District: | Fourth |
|---|---|---|
| | Court File Number: | |
| | Assigned Judge: | |
| | Case Type: | Civil |

Melinda Stinchfield
Plaintiff

**SUMMONS**

VS.

MediCredit Inc.
Defendant

THIS SUMMONS IS DIRECTED TO MediCredit Inc.

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

   619 South Tenth Street
   Suite 301
   Minneapolis, MN 55404

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims



EXHIBIT A

stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: February 11, 2014

Ryan D. Peterson
Attorney for Plaintiff, Melinda Stinchfield
Atty. Reg. No. 0389607
619 South Tenth Street
Suite 301
Minneapolis, MN 55404
(612) 367-6568
rpeterson@madgettlaw.com

| | | |
|---|---|---|
| **STATE OF MINNESOTA**<br>**County of Hennepin** | Judicial District:<br>Case Type: | **DISTRICT COURT**<br>Fourth (Hennepin)<br>Civil |

| | |
|---|---|
| Melinda Stinchfield<br>Plaintiff<br><br>vs.<br><br>MediCredit Inc.<br>Defendant | **COMPLAINT** |

PLAINTIFF, as and for her causes of action (i.e., violation of the Fair Debt Collection Practices Act and violation of the Telephone Consumer Protection Act), against the above-named defendant states and alleges as follows:

**Introduction**

The following case alleges prolonged harassment by a debt collection company. On an ongoing basis defendant collection agency used an automatic telephone dialing system (the "Autodialing System") to repeatedly call and harass Ms. Stinchfield on her personal cell phone. Ms. Stinchfield specifically requested that MediCredit Inc. cease calling her on her personal cell phone, for which she incurs a usage charge. Despite Ms. Stinchfield's explicit request and provision of an alternative contact means, Defendant continued calling and even increased its calls in blatant violation of the TCPA. In

addition to this behavior, MediCredit Inc. committed several violations of the FDCPA. Accordingly, Plaintiff commenced this action.

### Statement of Jurisdiction

1. This Court has Jurisdiction over the subject matter of this action pursuant to Minn. Stat. §484.01, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d), and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227(b)(3).

### Venue

2. Venue is proper pursuant to Minn. Stat. §542.09 because the events giving rise to Plaintiff's causes of action against Defendant occurred within the State of Minnesota and the County of Hennepin.

### Parties and Location of Tort

3. Plaintiff Melinda Stinchfield is an adult resident of Hennepin County, Minnesota.

4. Defendant MediCredit Inc. is a foreign corporation.

5. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of Minnesota and in the County of Hennepin.

6. Defendant is registered to do business in the state of Minnesota under the name MediCredit Inc.

7. The location of the tort occurred primarily at Plaintiff's home residence located in Hennepin County.

### Facts

*Facts most relevant to FDCPA claim:*

8.  Plaintiff is, and at all times mentioned herein was, a "consumer" as defined by 15 U.S.C. §1692a(3).

9.  Defendant is, and at all times mentioned herein was, a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. The alleged debt owed by Plaintiff is a "debt" as defined by 15 U.S.C. §1692 a(5).

11. The calls mentioned herein constitute "communications" as defined by 15 U.S.C. §1692a(2).

12. Phone records show numerous calls between 6/2013 and 2/2014 to Plaintiff's personal cell phone originating from (866) 215-1276 among others; upon information and belief, said numbers are registered to Defendant.

13. During each call Plaintiff told Defendant to stop calling Plaintiff on her cell phone.

14. During the first call to Plaintiff's cell phone in which Plaintiff answered and a company representative responded, Plaintiff ordered Defendant to cease calling her on her personal cell phone.

15. On several occasions, Defendant left a message using an artificial or pre-recorded voice on Plaintiff's voicemail. The contents of one such voicemail read as follows:

> "Hello. This is a confidential message for…Melinda Stinchfield. If you are not…Melinda Stinchfield…hang up or disconnect immediately. *This is Miss Jones* [emphasis added] from MediCredit Corporation. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please call our office regarding a personal business matter at…800-242-6813. Thank you. Goodbye."

16. On another occasion, an agent of the Defendant identifying herself as "Chrystal Connors" called Plaintiff on Plaintiff's personal cell phone to demand payment for an alleged debt.

3

17. A search of the Minnesota Department of Commerce's debt collection license look-up portal shows neither a "Chrystal Connors" nor any individual with the surname of "Jones" as being registered as an individual debt collector in the state of Minnesota.

18. By failing to register its individual collectors with the Department of Commerce, Defendant is in violation of Minn. Stat. §332.33 sub. 5.

19. By allowing unlicensed individual collectors to collect on the alleged debt, Defendant took action or threatened to take action that could not legally be taken in violation of 15 U.S.C. §1692e(5).

20. Defendant failed to send Plaintiff notice of her rights within five days of the initial communication as required by 15 U.S.C. § 1692g(a).

*Facts most relevant to TCPA claim:*

21. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (32).

22. Defendant is, and at all times mentioned herein was, a corporation and a "person" as defined by 47 U.S.C. § 153 (32).

23. Plaintiff is informed and believes, and thereon alleges, that on multiple occasions, all prior to the date this complaint was filed, Defendant contacted Plaintiff on Plaintiff's cellular telephone via an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

24. Plaintiff is informed and believes, and thereon alleges, that during these telephone calls Defendant used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. §227(b)(1)(A).

25. Plaintiff is informed and believes, and thereon alleges, that the telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls, pursuant to 47 U.S.C. § 227 (b)(1).

26. Plaintiff is informed and believes, and thereon alleges, that these telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A)(i).

27. Plaintiff is informed and believes, and thereon alleges, that Plaintiff did not provide express consent to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. §227(b)(1)(A).

28. Defendant placed or caused to be placed these telephone calls in violation of 47 U.S.C. §227(b)(1).

### Specific Claims

Count I – Violation of Fair Debt Collection 15 U.S.C. § 1692 g

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. By failing to inform Plaintiff of her rights pursuant to the FDCPA, Defendant violated 15 U.S.C. §1692g.

Count II – Violation of Fair Debt Collection Practices Act 15 U.S.C. § 1692 e (5)

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. By allowing unlicensed individual collectors to attempt to collect payment on the alleged debt, Defendant took action or threatened to take action that could not legally be taken.

33. Such activity constitutes a violation of 15 U.S.C. §1692e(5).

Count III - Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. Section 227 Et Seq.

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

Count IV– Knowing and/ or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. Section 227 Et Seq.

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/ or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

### Jury Demand

38. Plaintiff hereby demands a trial by jury.

### Relief

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in favor of Plaintiff and against Defendant for:

(a) actual damages;

(b) statutory damages in an amount up to $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) statutory damages of $500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(B);

(d) statutory damages of $1,500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(C);

(e) injunctive relief prohibiting such conduct in the future;

(f) reasonable attorney's fees, litigation expenses, and cost of suit; and

(g) such other relief as this Court deems proper.

Dated: February 11, 2014                    Respectfully Submitted,

_____
Ryan D. Peterson
MADGETT & CHAN LLC
Atty. Reg. No. 0389607
619 South Tenth Street
Suite 301
Minneapolis, MN 55404
(612) 367-6568
rpeterson@madgettlaw.com

ATTORNEY FOR PLAINTIFF
Melinda Stinchfield

**Acknowledgement**

Plaintiff acknowledges that, pursuant to Minn. Stat. Sec. 549.21 sub. 2, the Court in its discretion may award costs, disbursements, reasonable attorney's fees and witness fees to the parties against whom costs, disbursements, reasonable attorney's fees and witness fees were charged in bad faith.

Dated: 2/11/14     By: _____
                        Ryan D. Peterson
                        ATTORNEY FOR PLAINTIFF
                        Melinda Stinchfield

8